**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0106-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAMONT RICHARDSON,
a/k/a LAMONT T.
RICHARDSON,

    Defendant-Appellant.

_____

Submitted October 29, 2024 – Decided November 7, 2024

Before Judges Firko and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 10-03-0271.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief).

Theresa L. Hilton, Acting Mercer County Prosecutor, attorney for respondent (Peter Rhinelander, Special Deputy Attorney General/ Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lamont Richardson appeals from the August 28, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant contends his trial counsel rendered ineffective assistance. Judge Sherry L. Wilson thoroughly considered defendant's contentions and rendered an oral decision and comprehensive written statement of reasons, with which we substantially agree. We affirm.

Following a jury trial, defendant was convicted of first-degree murder of his ex-girlfriend, weapons charges, and evidence tampering. We affirmed his conviction but remanded for resentencing. State v. Richardson, No. A-1134-12 (App. Div. Aug. 20, 2015). After resentencing, defendant appealed his sixty-year term of imprisonment imposed, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed the sentence. State v. Richardson, No. A-3731-17 (App. Div. Dec. 16, 2019).

Defendant timely filed a petition for PCR claiming his trial counsel was ineffective. PCR counsel was assigned and filed an amended PCR petition claiming trial counsel was ineffective because he: (1) failed to sufficiently object to a medical examiner testifying at trial as to the contents of a report and examination performed by a non-testifying examiner; (2) failed to object to DNA evidence and the prosecutor telling the jury during opening statements that

defendant's DNA was under the victim's fingernails, which was not proven; and (3) failed to sufficiently object to and prevent beforehand a witness, Tonya Thompson, from telling the jury defendant had been in jail.

Judge Wilson rejected those claims in her oral opinion and statement of reasons[1] and concluded that defendant had failed to establish any deficiencies in trial counsel's representation and could not show he was prejudiced. The judge noted defendant raised the first argument about trial counsel's failure to object to the testifying medical examiner, Dr. Raafat Ahmad, as to the contents of an examination and report performed by another medical examiner on direct appeal.

The judge explained Dr. Ahmad was qualified as an expert and testified that she was present when the victim's body was brought to the morgue, examined the body, and personally made the pronouncement of death. Another doctor performed the autopsy and authored the report; however, the judge observed that Dr. Ahmad reviewed the report before it was sent out and testified in place of the physician who authored the report, who was away on vacation at the time of trial. The judge explained it was proper for Dr. Ahmad to testify as

---

[1] Pursuant to Rule 2:5-1(d), the judge submitted an amplification of her prior oral opinion rendered on August 28, 2023, which is the statement of reasons referenced in our opinion.

A-0106-23

an expert about photographs of the victim's body and "reasonable" for trial counsel not to object to Dr. Ahmad's testimony independent of the autopsy report.

The judge relied on our opinion on this issue:

> Opinions of the chief medical examiner provided at trial regarding [the victim's] time of death and the implement used to strangle her were based entirely on the medical examiner's own examination of the body and not the autopsy performed by her deputy. Because the opinions rendered by the expert were based on her own personal observations and the photographs taken at the autopsy, which were properly authenticated and admitted without objection, no [c]onfrontation [c]lause issue was presented and the court properly admitted the expert's testimony. Richardson, No. A-1134-12 (slip op. at 33-34.)

In analyzing defendant's second argument, the judge found trial counsel was not ineffective for failing to object to the DNA evidence referenced by the prosecutor during opening statements. The prosecutor mentioned evidence was obtained from the victim's fingernails, and the DNA taken from the scrapings was "consistent" and "a mixture" of the victim's and defendant's DNA. At trial, the State presented expert testimony from a forensic scientist, who opined that defendant's DNA profile "matched" the DNA profile obtained from the victim's right and left hand fingernails.

4

The judge determined defendant did not satisfy his burden under the first and second prongs of Strickland.[2]  Under the first Strickland prong, the judge found defendant failed to "allege facts sufficient to demonstrate [trial] counsel's alleged substandard performance."  The judge also found that even if defendant satisfied the first prong, he did not satisfy his burden under the second Strickland prong because of the "overwhelming proofs" of defendant's guilt.  In addition to the DNA evidence, judge noted the evidence included testimony from more than a dozen witnesses, cell phone records, DNA evidence found on a cigarette butt at the crime scene, other physical evidence seized, and surveillance footage.

As to the third claim of ineffective assistance of trial counsel, the judge found trial counsel did in fact object to the witness—Thompson—telling the jury that defendant was in jail and moved for a mistrial.  The judge concluded defendant did not satisfy his burden under the first and second Strickland prongs.

Defendant appeals, reprising his arguments about the ineffectiveness of trial counsel in the following point:

> THE TRIAL COURT ERRED IN DENYING
> DEFENDANT'S PETITION FOR [PCR] WITHOUT
> AN EVIDENTIARY HEARING.

---

[2]  Strickland v. Washington, 466 U.S. 668, 694-95 (1984).

A-0106-23

Our de novo review of the record convinces us Judge Wilson conscientiously considered all of defendant's claims and appropriately denied him relief. We agree defendant failed to establish a prima facie case of trial counsel's ineffectiveness at trial. We are unpersuaded that defendant is entitled to an evidentiary hearing because there are "extensive proofs outside the record" pertaining to trial counsel's ineffective performance. Nor are we persuaded that trial counsel's testimony is required to adjudicate the issues.

Having conducted a de novo review of the record, we are satisfied the judge correctly denied defendant's petition. In analyzing defendant's claims of ineffective assistance of trial counsel, the judge made adequate findings of fact and conclusions of law on each of defendant's contentions.

On direct appeal, defendant unsuccessfully raised virtually the same argument as he did in his PCR petition about the purported improper admission of a non-testifying medical examiner's autopsy findings through the testimony of another medical examiner, which he argued denied him of his constitutional right to confront witnesses and denied him a fair trial. His petition as to that issue is barred under Rule 3:22-5, which states that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceedings brought

6

pursuant to this rule . . . or in any appeal taken from such proceedings." Thus, Rule 3:22-5 bars consideration of a contention presented in a PCR petition "if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal." State v. Marshall, 148 N.J. 89, 150 (1997) (quoting State v. Bontempo, 170 N.J. Super. 220, 334 (Cnty. Ct. 1979)).

We also reject defendant's claim that his trial counsel was ineffective because he failed to object to a DNA reference made by the prosecutor during opening statements. Defendant also cites to cases where courts found counsel was ineffective for not obtaining independent medical evaluations or expert reports. This claim could have been raised on direct appeal but was not. PCR "is neither a substitute for direct appeal, Rule 3:22-3, nor an opportunity to relitigate matters already decided on the merits, Rule 3:22-5." State v. Afanador, 151 N.J. 41, 50 (1997). "Further, PCR cannot be used to circumvent issues that could have, but were not raised on appeal, unless the circumstances fall within one of three exceptions[,]" none of which apply here. Ibid. (emphasis omitted) (citing R. 3:22-4).

Moreover, the testifying forensic scientist established the "significant possibility" that the DNA evidence belonged to defendant. Defendant simply makes the bald assertion that the DNA evidence was "not proven." A prima

facie ineffective assistance of counsel claim must be supported by "specific facts and evidence supporting [defendant's] allegations." State v. Porter, 216 N.J. 343, 355 (2013). Allegations that are "too vague, conclusory, or speculative" will not suffice. Ibid. (quoting Marshall, 148 N.J. at 158).

Indeed,

> [i]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance. Thus, when a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.
>
> [Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)).]

Here, as the judge pointed out, the DNA issue was likely not raised on appeal by defendant because it was devoid of merit. We reiterate there was substantial credible evidence in the record to support defendant's convictions, and the State met its burden beyond a reasonable doubt. Defendant has made no showing that his trial counsel's failure to object to the DNA references and evidence at trial or his failure to obtain an expert prejudiced him at trial.

8

Finally, defendant's contention that his trial counsel failed to object to Thompson telling the jury defendant was in jail is unsupported by the record. Contrary to defendant's assertion, the record confirms his trial counsel did object and moved for a mistrial on that ground.

Defendant failed to establish that the performance of his trial counsel was substandard, or but for any of the alleged errors, the result would have been different. See Strickland, 466 U.S. at 687-88. Moreover, an evidentiary hearing is necessary only if a petitioner presents sufficient facts to make out a prima facie claim of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462-63 (1992); R. 3:22-10(b).

Judge Wilson correctly determined an evidentiary hearing was unwarranted. Accordingly, we affirm substantially for the reasons expressed in her oral opinion and statement of reasons.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0106-23